United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11475
Summary Calendar
_____

MICHAEL LEE MAHAN,

Plaintiff-Appellant,

versus

CITY OF LUBBOCK, LUBBOCK TEXAS POLICE DEPARTMENT;
JOHNNY HUTSON, Investigator, Lubbock Police Department Task
Force; JIMMY PACHALL, Investigator, Lubbock Police Department
Task Force; EDDIE METZIG; RICK BEDWELL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CV-251-C
--------------------

Before JONES, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:*

Michael Mahan, Texas prisoner # 1163642, appeals from the
grant of the defendants' motion for summary judgment and the
dismissal with prejudice of his 42 U.S.C. § 1983 civil rights
complaint. We review the district court's grant of summary
judgment de novo. Cousin v. Small, 325 F.3d 627, 637 (5th Cir.
2003).

Notice of Appeal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Mahan did not file a notice of appeal from the district court's dismissal of his claims against the following defendants: (1) City of Lubbock; (2) Lubbock Police Department; (3) Rick Bedwell; and (4) Eddie Metzig.  The time to file a notice of appeal as to these defendants has expired.  See FED. R. APP. P. 4(a)(1)(A). Accordingly, the appeal of these claims is dismissed.

Warrantless searches

Mahan argues that Jimmy Pachall and Johnny Hutson, officers with the Lubbock police department, conducted warrantless searches at a motel room and at a residence.  He argues that these searches violated the Fourth Amendment.

With respect to the search of the motel room, Mahan acknowledges that he was not present at the motel room when the officers conducted their search.  Mahan could not express a reasonable expectation of privacy.  See Ibarra, 948 F.2d at 906. Accordingly, Mahan lacks standing to challenge the issue.  See id.

Similarly, with respect to the officers' entry at the residence, the record reflects that one of the residents consented to allow the officers to enter.  See United States v. Jones, 239 F.3d 716, 719 (5th Cir. 2001).  Mahan had no standing to contest the warrantless entry.  See Ibarra, 948 F.2d at 906.


Excessive use of force and unreasonable detention

Mahan argues that the officers exercised excessive use of force and unreasonably detained him during their search of the

2

residence.  He argues that the officers' actions violated the Fourth Amendment.

Mahan does not dispute that he was holding a Bowie knife when Hutson and Pachall entered the bedroom where Mahan was staying. The officers' response in immediately using force against him was objectively reasonable considering the threat to the officers' safety.  See United States v. Rideau, 969 F.2d 1572, 1574 (5th Cir. 1992)(en banc).  Likewise, Mahan cannot establish a genuine issue of fact over his unreasonable detention claim.  The officers were reasonably justified in restraining him in light of the threat to their safety.  See Terry v. Ohio, 392 U.S. 1, 19-20 (1968).

Discovery rulings

Mahan argues that the district court abused its discretion by closing discovery and by denying several of his discovery requests. The record reflects that the district court allowed some discovery as evidenced by the officers' disclosures and responses to Mahan's interrogatories.  Further, the court gave Mahan ample opportunity to conduct discovery from June 8, 2004, the date of the discovery scheduling order, to August 23, 2004, the closing date for discovery.  See Little, 37 F.3d at 1075.  Mahan has not shown how additional discovery would have produced further evidence to establish a genuine issue of material fact concerning his Fourth Amendment claims.  Accordingly, the district court did not abuse its discretion in limiting discovery and granting summary judgment for the officers.  See Krim v. BancTexas Group, Inc., 989 F.2d

3

1435, 1441 (5th Cir. 1993).

**AFFIRMED IN PART AND DISMISSED IN PART.**